UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

DEALERWING LLC,                                    Case No. 7:21-cv-06429(KMK)(JCM)

                    Plaintiff,

        - against -

JON LERNER, JOSEPH J. YURMAN, II,
and 12/21 CONSULTING GROUP, LLC,

                    Defendants.

-------------------------------------------------------X

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

The parties in the above-styled litigation agree that the discovery sought by all parties is likely to involve the production of certain documents and things, hereafter referred to as "Confidential Information," and witness testimony containing Confidential Information. Accordingly, the parties having agreed to enter into the Confidentiality Stipulation and Protective Order ("the Order") to govern the production of documents and testimony that contains Confidential Information, and for good cause shown, the Court hereby ORDERS as follows:

It is hereby ordered by the Court that the following restrictions and procedures shall apply to certain information, documents and excerpts from documents supplied by the parties to each other in response to discovery requests:

1.      This Stipulated Protective Order (the "Order") will be entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 502 of the Federal Rules of Evidence. Counsel for any party may designate any document, information contained in a document, information revealed in an interrogatory response or information revealed during a deposition as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be

4875-5096-5024.1                                    1

stamped "CONFIDENTIAL." "Confidential" information or documents may be referred to collectively as "confidential information."

2. Confidential Information shall apply to any documents or information that Defendants or Plaintiff provide during discovery in this litigation and designate as Confidential. Documents and information that may be designated as Confidential for the purposes of this litigation shall include, but are not limited to, competitive business information, financial information including pricing, proprietary information, trade secrets, Plaintiff's methods of doing business, marketing strategies, proprietary databases and dashboards, software platforms, personnel documents, and all communications involving any of the foregoing.

3. Unless ordered by the Court, or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-caption action.

4. In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court by presenting a motion to the Court for an *in camera* and/or a determination regarding confidentiality after received production. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed in accordance with applicable law and Court rules. Each party also reserves its right to use its own documents or information, which may or may not have designated by a party as "Confidential" in any manner without consent of the opposing party or the Court.

5. Information or documents designated as "confidential" shall not be disclosed to any person, except:

a.  The requesting party and counsel, including in-house counsel;

b.  Employees of such counsel assigned to as necessary to assist in the litigation;

c.  Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

d.  Any person from whom testimony is taken or is to be taken in these actions, except that such a person may only be shown that Confidential Information during and in preparation for his/her testimony and may not retain the confidential Information; and

e.  The Court (including any clerk, stenographer, or other person having access to any Confidential Information by virtue of his or her position with the Court) or the jury at trial or as exhibits to motions.

6.  Prior to disclosing or displaying the Confidential Information to any person, counsel shall:

a.  inform the person of the confidential nature of the information or documents; and

b.  inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

7.  The Confidential Information may be displayed to and discussed with the persons identified in Paragraphs 4(c) and (d) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event such person refuses to sign an agreement in the

4875-5096-5024.1                                           3

form attached as Exhibit A, the party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

8. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

9. All information subject to confidential treatment in accordance with the terms of this Stipulation and Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, shall be filed under seal to the extent permitted by law (including without limitation any applicable rules of court) and kept under seal until further order of the Court. To the extent the Court requires any further act by the parties as a precondition to the filing of the documents under seal (beyond the submission of this Stipulation and Order Regarding Confidential Information), it shall be the obligation of the producing party of the documents to be filed with the Court to satisfy any such precondition. Where possible, only confidential portions of the filings with the Court shall be filed under seal. This Order is not intended to prevent any party from filing with the Court any motion or other supporting papers marked confidential by redacting confidential portions of such documents, when possible, without having to file such document under seal.

10. At the conclusion of litigation, the Confidential Information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of final judgment and no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain confidential.

The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order. This Order may be enforced by either party and any violation may result in the imposition of sanctions by the Court.

The parties having stipulated and agreed hereto, it is SO ORDERED, this ___17th___ day of ____May____, 2022.

_____
U.S.M.J.

So Stipulated and Agreed:

LEWIS BRISBOIS BISGAARD & SMITH LLP

_____
Peter T. Shapiro
77 Water Street, Suite 2100
New York, New York 10005
212.232.1300
Peter.Shapiro@lewisbrisbois.com
*Attorneys for Plaintiff*

DESOUZA LAW, PA

_____
Daniel Desouza
3111 N. University Drive, Ste 301
Coral Springs, FL 33065
954-603-1340
ddesouza@desouzalaw.com
*Attorneys for Defendants*

4875-5096-5024.1                                            5