

LEWIS BRISBOIS BISGAARD & SMITH LLP

Peter T. Shapiro
77 Water Street, Suite 2100
New York, New York 10005
Peter.Shapiro@lewisbrisbois.com
Direct: 212.232.1322

January 9, 2023

**VIA ECF**
Honorable Judith C. McCarthy
United States Magistrate Judge
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

Re:   *Dealerwing LLC v. Jon Lerner et. al.*
      Case No. 21-cv-06429 (KMK)

Dear Judge McCarthy:

> **SO-ORDERED:**
>
> Plaintiff and third-party Creative Printing & Publishing ("Creative") are hereby ordered to appear for a telephone conference on 1/12/23 at 11:30 A.M. The parties shall call the following number at the time of the conference: Toll-Free Number: 877-873-8017 Access Code: 4264138. Plaintiff and Creative are further ordered to engage in a meaningful meet and confer regarding the scope of the non-party subpoena and a reasonable timeline for compliance prior to the telephone conference. Plaintiff shall provide a copy of this Order to Creative. Any requests for an extension of the discovery deadline must be directed to Judge Karas.
>
> /s/ C. M. McCarthy   1-10-23
> JUDITH C. McCARTHY
> United States Magistrate Judge

We represent Plaintiff in the above-referenced matter. Pursuant to Rule 37.2 of this Court's Local Rules and Your Honor's Individual Rules, we write to request a conference with the Court to address third party Creative Printing & Publishing's refusal to comply with Plaintiff's subpoena served upon them or for the Court to issue an order compelling Creative Printing & Publishing to comply fully.

As background, Plaintiff recently ascertained that Creative Printing & Publishing ("Creative") is a vendor that Defendant Vertical Integrated Network Solutions ("VINS"), an entity operated by Defendant Jon Lerner, utilized to assist when they set up a business to compete with Plaintiff. On December 30, 2022,[1] Plaintiff issued a Subpoena *Duces Tecum* to Creative (the "Subpoena") seeking eight categories of documents, including documents which would establish whether or not VINS had sought the services of Creative while Lerner was still affiliated with Plaintiff and documents showing the amounts invoiced by Creative to VINS. *See* **Exhibit A**. The Subpoena also sought any communications between Defendant Joseph Yurman and Creative, and any communications referencing Yurman. *Id.* Such documents are pertinent to determine the veracity of Yurman's claim that he was never affiliated with VINS in any way. Due to the holidays, service of the Subpoena was effectuated on January 4, 2023. *See* **Exhibit B**, Affidavit of Service.

---

[1] During his deposition, when Lerner was asked about the vendors that VINS was doing business with, he failed to disclose Creative.

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • DELAWARE • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY • LOUISIANA
MARYLAND • MASSACHUSETTS • MINNESOTA • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK • NORTH CAROLINA • OHIO
OREGON • PENNSYLVANIA • RHODE ISLAND • TENNESSEE • TEXAS • UTAH • VIRGINIA • WASHINGTON • WASHINGTON D.C. • WEST VIRGINIA

4869-6254-7016.1

Hon. Judith C. McCarthy
January 9, 2023
Page 2

On January 4, 2023, Denise Jones, Chief Financial Officer of Creative, called our office to discuss the Subpoena. My associate Ariadne Panagopoulou returned her call during which Ms. Jones informed us that Creative did not intend to comply with the Subpoena for two reasons: (1) it would take an insurmountable amount of time to gather and print out all the invoices Creative issued to VINS, and (2) it would be costly to print and mail the documents. In response, Ms. Panagopoulou offered to limit the scope of the Subpoena and clarified that we did not require receipt of physical documents and submission of documents electronically would suffice. Ms. Jones responded that she was not prepared to negotiate the scope of the Subpoena. She followed up with a letter noting her objections to the Subpoena to which we further responded with an email, reiterating our willingness to significantly limit the scope of the Subpoena, by limiting the temporal scope of certain requests while eliminating altogether others, and by giving more time to Creative to respond. *See* **Exhibits C** and **D**, respectively. Creative has not responded to our email. It has not appeared by counsel.

Given the looming fact discovery deadline of January 16, 2023, we would like a conference with the Court as soon as possible to address this issue or ideally an order compelling a full response. We would seek a brief extension of the discovery deadline if necessary to allow Creative additional time to respond to the Subpoena and produce the documents, or alternatively to brief the issues presented should it be inclined to retain counsel to act on its behalf and validly contest the Subpoena.

Thank you for your attention to this matter.

Respectfully,

/s/ Peter T. Shapiro

Peter T. Shapiro of
LEWIS BRISBOIS BISGAARD & SMITH LLP

cc:   counsel for Defendants (via ECF)
      Creative Printing & Publishing (via email to Denise Jones)